### Joseph Cochrane v. E. B. Wilson.

#### No. 2302.   Decided November 12, 1913.

**Jurisdiction of Supreme Court—Question of Fact.**

The controlling · question in an appeal—whether a deed absolute on its face was intended as a mortgage—being,· upon the evidence presented, one of fact, the Supreme Court was without power to revise the rulings of the Court of Civil Appeals approving the trial court's finding that the instrument was a deed and not a mortgage.   (P. 181.)

Error to the Court of Civil Appeals, First District, on error from Austin County.

Cochrane obtained writ of error on the affirmance by the Court of Civil Appeals of a judgment recovered against him in the trial court.

*Johnson, Matthaei & Thompson,* for plaintiff in error.

*Henry Paulus* and *C. G. Krueger,* for defendant in error.

Mr. Chief Justice BROWN delivered the opinion of the court.

The dates of transactions involved in this proceeding are not important, therefore I shall not undertake to give the dates of the different conveyances unless there be some reason for doing so.

In 1871 or 1872, Mr. Cuny sold to Joseph Cochrane, plaintiff in error; fifty acres of land situated in Austin County and took his note or notes for the purchase price, $550, reserving vendor's lien. Cochrane went into possession of the land and cultivated it for a number of years but failed to pay the purchase money.

Cuny transferred the note to Jesse O'Bryant. The note still remained unpaid for some years. Cochrane and his wife still occupying the place executed a deed by which they conveyed the land to O'Bryant in satisfaction of the note executed to Cuny but remained in possession of the land as tenants of O'Bryant, who some years later sold the land to Cochrane, making him a deed thereto and reserving a lien for .the purchase price secured by eight notes in the sum of $1400. Cochrane failed to pay the notes and O'Bryant brought this suit to foreclose his vendor's lien on the land.

Joseph Cochrane denied that the notes sued upon were given for the purchase money of the land, claiming that the deed which he made to O'Bryant conveying the land was intended as a mortgage to secure the purchase money note, and that he did not intend to convey the land by the said deed.

The only evidence that we find which tended to prove that the deed was intended as a mortgage is the statement of Joseph Cochrane himself, and a statement made by a notary public who took the acknowledgment of Cochrane and his wife to the deed, who said that he understood that the deed was a mortgage to secure the notes on the land, but there is no evidence that O'Bryant was present at the time this declaration was made, or that any person ever suggested to O'Bryant that the deed was not intended to convey the land. We have condensed this statement, but it presents the substance of the evidence on the issue of mortgage or not. It is true that great indulgence was shown to Cochrane by the different parties to whom he owed the debt, but there is no evidence that either of them ever recognized the claim that the deed made to O'Bryant was intended as a mortgage.

The attitude of this case is that the only material question for consideration is whether or not the deed which Cochrane made to O'Bryant was a conveyance of the land or a mortgage to secure the purchase money. This presents strictly and purely a question of fact, and depends upon the weight which the judge who tried the case gave to the testimony presented by each side.

There are some questions raised in addition to the one that is presented in this statement, but they are of no importance in deciding the one issue which controls.

The most favorable view of the evidence for plaintiff in error is that the judge of the District Court might have found and held that the deed from Cochrane to O'Bryant was a mortgage and did not pass the title to the land. But it is undoubtedly the law that under the evidence the judge could find as he did, that the deed in question was not intended to be a mortgage and that it passed title to O'Bryant, and so finding he properly gave the judgment that was entered. Being purely a question of fact this court can not disturb the finding and judgment of the Court of Civil Appeals. In such conflict of evidence the conclusions of the Court of Civil Appeals are final, this court has no power to overrule the conclusions so reached. The judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*